## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**PROJECT ON GOVERNMENT**                   )
**OVERSIGHT, INC.**                         )
**1100 G St NW**                            )
**Suite 500**                               )
**Washington, D.C. 20005,**                 )
                                            )
    **Plaintiff,**              )
                                            )
**v.**                                      )    **Case No: 18-2051**
                                            )
**U.S. DEPARTMENT OF HOMELAND**             )
**SECURITY, OFFICE FOR CIVIL**              )
**RIGHTS AND CIVIL LIBERTIES**              )
**SERVE: THE PRIVACY OFFICE**               )
**U.S. DEPARTMENT OF**                      )
  **HOMELAND SECURITY**                   )
**245 MURRAY LANE, SW**                     )
**STOP-0655**                               )
**WASHINGTON, DC 20528-0655**               )
                                            )
    **Defendant.**              )
_____)

## COMPLAINT

    Plaintiff, Project On Government Oversight ("POGO"), brings this action against the

Defendant, U.S. Department of Homeland Security, Office for Civil Rights and Civil Liberties

("CRCL") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel

compliance with the requirements of FOIA, including immediate release of records requested by

POGO.

## I.    INTRODUCTION

    1.  POGO asserts violations of FOIA by CRCL for failing to provide responsive

documents concerning complaints filed against the office from January 2015 to the present.

2.  POGO filed two requests with CRCL regarding this subject on June 1, 2018.

3.  CRCL acknowledged receipt of POGO's requests on June 4th and June 5th, 2018, respectively.

4.  FOIA requires CRCL to respond within 20 business days, excluding Saturdays, Sundays, and legal holidays. CRCL asserted its  right to a 10-day extension to respond to the requests. To date, CRCL has not produced any responsive documents.

5.  POGO seeks a declaration that CRCL violated FOIA by failing to disclose responsive records by the statutory deadline and an injunction ordering CRCL to produce all non-exempt, responsive records by a date certain, without further delay.

## II.      JURISDICTION AND VENUE

6.  This Court has both subject matter jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202 . Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## III.      PARTIES

7.  Plaintiff POGO is a nonpartisan independent organization based in Washington, DC organized under section 501(c)(3) of the Internal Revenue Code. Founded in 1981, POGO champions reforms to achieve a more effective, ethical, and accountable federal government that safeguards constitutional principles. POGO's investigators and journalists take leads and information from insiders and verify the information through investigations using FOIA, interviews, and other fact-finding strategies. POGO's investigative work has been recognized by Members of Congress, executive branch officials, and professional journalism organizations. For instance, in 2015, POGO won the Society of Professional Journalists Washington, D.C.

Professional Chapter's highest journalistic award, the Robert D.G. Lewis Watchdog Award, for reporting on the Department of Justice's opaque system for handling allegations of attorney misconduct within its ranks. POGO extensively used records obtained under FOIA for this investigation.

8.   Defendant CRCL is an office of the Department of Homeland Security ("DHS"), a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and headquartered in Washington, DC. CRCL has possession, custody, and control of the records POGO seeks in this action.

## IV.   FREEDOM OF INFORMATION ACT

9.   FOIA requires federal agencies, upon request, to make records "promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

10. The agency must provide the public records when they are requested by the public, in order "to ensure an informed citizenry, vital to the functioning democratic society." *See NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978).

11. An agency must determine whether to comply with a FOIA request within twenty business days and "shall immediately notify the person making such request of such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i); *see also* 15 C.F.R. § 4.6(b).

12. The twenty-day deadline for an agency to determine whether to comply with a request begins on the earlier of: 1) the date "the request is first received by the appropriate component of the agency" or (2) "ten days after the request is "first received by any component of the agency that is designated in the agency's regulations . . . to receive [FOIA] requests." 5 U.S.C. § 552(a)(6)(A)(ii).

13.  In unusual circumstances, the time limits prescribed may be extended by written notice to the person making such request setting forth the reasons for such extension and the date on which a determination is "expected" to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

14. If an agency does not respond to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. Id. §§ 552(a)(6)(C)(i), 552(a)(4)(B).

## V.      BACKGROUND AND PUBLIC INTEREST IN THE RECORDS SOUGHT

### i.      Office for Civil Rights and Civil Liberties

15. CRCL, an office of the DHS, was established in order to:

(1)     review and assess information concerning abuses of civil rights, civil liberties, and profiling on the basis of race, ethnicity, or religion, by employees and officials of the Department;

(2)     make public through the Internet, radio, television, or newspaper advertisements information on the responsibilities and functions of, and how to contact, the Officer;

(3)     assist the Secretary, directorates, and offices of the Department to develop, implement, and periodically review Department policies and procedures to ensure that the protection of civil rights and civil liberties is appropriately incorporated into Department programs and activities;

(4)     oversee compliance with constitutional, statutory, regulatory, policy, and other requirements relating to the civil rights and civil liberties of individuals affected by the programs and activities of the Department;

(5)     coordinate with the Privacy Officer to ensure that—

A. programs, policies, and procedures involving civil rights, civil liberties, and privacy considerations are addressed in an integrated and comprehensive manner; and

B. Congress receives appropriate reports regarding such programs, policies, and procedures; and

(6)     investigate complaints and information indicating possible abuses of civil rights or civil liberties, unless the Inspector General of the Department determines that any such complaint or information should be investigated by the Inspector General.

*See* 6 U.S.C. § 345.

16. CRCL investigates and resolves civil rights and civil liberties complaints filed by the public regarding Department policies or activities, or actions taken by DHS personnel.

17. CRCL maintains a public database at https://www.dhs.gov/data-complaints-received which reflects the number of complaints filed against the DHS by Department component from 2011 to 2016.

18. On December 1, 2016, the DHS-commissioned Homeland Security Advisory Committee issued a "Report of the Subcommittee on Privatized Immigration Detention Facilities." It cited CRCL as providing the most "intensive inspections" in DHS's inspections structure for detention facilities:

> DHS's Office of Civil Rights and Civil Liberties (CRCL), which reports directly to the Secretary of Homeland Security, receives complaints from detained individuals and their counsel, and also follows other sources of information about conditions in ICE detention facilities. Based on its review of complaints and further inquiry, it makes recommendations to the Department for changed practices, and it also schedules 10-15 intensive site visits each year to ICE detention facilities, led by experienced CRCL officers and also involving subject matter experts.

*See* Excerpts from Homeland Security Advisory Council Report, Attached hereto as Exhibit A, p. 14.

**ii.    Recent Reporting Regarding the Office of Civil Rights and Civil Liberties**

19. On June 23, 2018, *The New York Times*' Caitlin Dickerson reported ("On Family Separation, Federal Workers Often Agonized Over Enforcement") that CRCL was being bombarded by numerous complaints related to family separation:

> A career official at the civil rights office of the Homeland Security Department, whose job is to process complaints by people who feel they have been mistreated, watched staff members crumple into tears at their desks. They were overwhelmed with hundreds of

pleas a week, written on behalf of migrant parents and children searching desperately for one another. The pleas came with photographs taken at the border of the missing children. They showed "5-year-olds who don't know how to take a picture without smiling," said the official, who spoke on the condition of anonymity. "They look like school photos."

A manager in the same department printed some of the photographs in an attempt to seek support, both logistical and emotional, from Cameron Quinn, who was appointed by President Trump to oversee their work, the official said. The manager presented Ms. Quinn with the children's photos at a meeting.

*See* June 23, 2018 *The New York Times* article, attached hereto as Exhibit B, p. 1.

20. On July 17, 2018, two subject matter experts with CRCL, Dr. Scott Allen and Dr.

Pamela McPherson, wrote to U.S. Senators Charles Grassley and Ron Wyden regarding CRCL

investigations, usually initiated by complaints, and with concerns about the deleterious impacts

detention has on children:

We currently serve as medical and psychiatric subject matter experts for the Department of Homeland Security's Office of Civil Rights and Civil Liberties (CRCL). We are writing to you, members of Congress with oversight responsibility, because we have a duty to raise our concerns about the ongoing and future threat of harm to children posed by the current and proposed expansion of the family detention program.

We have conducted ten investigations of family detention facilities, the Karnes and Dilley detention centers in Texas, the Berks detention center in Pennsylvania, and the one closed facility, Artesia in New Mexico, over the past four years. Those investigations, usually prompted by complaints, frequently revealed serious compliance issues resulting in harm to children, which we have documented in submitted reports to CRCL.

*See* July 17, 2018 Letter to Chairman Grassley and Chairman Wyden, attached

hereto as Exhibit C, p. 1.

21. The letter by Dr. Allen and Dr. McPherson notes that they registered their concerns with the head of CRCL, Cameron Quinn, prior to writing the Senators.

22. On July 18, 2018, *The New York Times'* Miriam Jordan reported ("Whistle-Blowers Say Detaining Migrant Families 'Poses High Risk of Harm'") on the letter and on congressional reaction to it:

> The Democratic vice chairman of the Senate's whistle-blower caucus, Ron Wyden of Oregon, said in a statement that the doctors' report "adds to the mountains of evidence that this administration's cruel and ineffective approach to immigration enforcement is doing permanent harm to children."

*See* July 18, 2018, *The New York Times* article, attached hereto as Exhibit D, p. 4.

### iii.    Public Interest

23. The records POGO requested concern the activities of the DHS, the types of complaints it receives and how the agency handles those complaints.

24. POGO seeks to highlight how the DHS handles complaints filed against it, what those complaints say, and what its investigators find.

25. The records would be likely to contribute to public understanding of DHS's system for addressing civil rights and civil liberties complaints.

26. The records would be a significant contribution because the public summary data does not provide significant detail on the substance of complaints, whether any were confirmed, and what happened to address confirmed problems. Furthermore, the latest available data does not yet cover 2018, during the period when some of the current administration's most controversial actions went into effect, which many—including some CRCL employees—believe pose heightened threats to immigrants.

## VI.   PLAINTIFF'S FREEDOM OF INFORMATION ACT REQUESTS

### i.   The First Request

27. On June 1, 2018, POGO employee Nick Schwellenbach submitted a FOIA request via electronic mail to CRCL which requested:

> [c]omplaint data maintained by CHS's Office for Civil Rights and Civil Liberties…since January 1, 2015 through the present. CRCL maintains detailed data organized by "primary allegation," the date the complaint was made, and the DHS component involved[.]
>
> The request is for all the complaint data maintained by CRCL beyond what is already made public, including summaries of complaints, the original text of the complaint, status of the complaint, corrective actions taken, etc.

*See* First CRCL FOIA Request, ("Request 1") attached hereto as Exhibit E, p. 1.

28. On June 4, 2018, POGO received an acknowledgment letter for Request 1 and it was assigned the reference number 2018-HQFO-01035.

29. CRCL's acknowledgment letter stated:

> Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Consistent with 6 C.F.R. Part 5 § 5.5(a) of the DHS FOIA regulations, the Department processes FOIA requests according to their order of receipt.  Although DHS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances under 6 C.F.R. Part 5 § 5.5(c)…, DHS will invoke a 10-day extension for your request[.]

*See* June 4, 2018 Acknowledgment letter, ("Request 1 Acknowledgment") attached hereto as Exhibit F, p. 1.

30. The Request 1 Acknowledgment also conditionally granted POGO a fee waiver.

31. To date, POGO has received no documents responsive to Request 1.

### ii.      The Second Request

32. On June 1, 2018, POGO employee Nick Schwellenbach submitted a second FOIA

request via electronic mail to CRCL which requested:

> [a]ny records memorializing the findings of [CRCL] investigations
> (including joint investigations with DHS components) or "short-
> form" resolutions (According to CRCL, it has "has implemented
> 'short-form' complaint processing procedures to facilitate swift
> action on urgent complaints and expeditious resolution of
> allegations that are narrowly focused and require limited
> investigation")[, from] January 1, 2015 through the present.

> Any records of notifications from CRCL to the Justice Department
> that involve complaints of state or local law enforcement agencies,
> acting under state law, that come to CRCL. According to CRCL,
> "In those cases, CRCL would notify the Department of Justice,
> which has jurisdiction to investigate certain violations of civil
> rights by state and local officers[," from] January 1, 2015 through
> the present.

*See* Second CRCL FOIA Request, ("Request 2") attached hereto as Exhibit G.

33. On June 5, 2018, POGO received an acknowledgment letter for Request 2 and it was

assigned the reference number 2018-HQFO-01036.

34. CRCL's acknowledgment letter stated:

> Due to the increasing number of FOIA requests received by this
> office, we may encounter some delay in processing your request.
> Consistent with 6 C.F.R. Part 5 § 5.5(a) of the DHS FOIA
> regulations, the Department processes FOIA requests according to
> their order of receipt.  Although DHS' goal is to respond within 20
> business days of receipt of your request, FOIA does permit a 10-
> day extension of this time period in certain circumstances under 6
> C.F.R. Part 5 § 5.5(c)…, DHS will invoke a 10-day extension for
> your request[.]

*See* June 5, 2018 Acknowledgment letter, ("Request 2 Acknowledgment")

attached hereto as Exhibit H, p. 1.

35. The Request 2 Acknowledgment also conditionally granted POGO a fee waiver.

36. To date, POGO has received no documents responsive to Request 2.

37. More than 30 business days have passed since Request 1 and Request 2 were acknowledged and CRCL has provided no further update on the status of these requests.[1]

38. Plaintiff POGO has a statutory right to the requested records, and there is no legal basis for CRCL's failure to disclose them.

## VII.   CAUSES OF ACTION

### COUNT 1
**Violation of the FOIA for Failure to make Promptly
Available the Records Sought by Plaintiff's Requests**

39. Paragraphs 1-38 are re-alleged and reincorporated herein by reference.

40. Plaintiff properly requested records within the possession, custody, and control of Defendants.

41. Defendant's Failure to make promptly available the records sought by Plaintiff's requests violates the FOIA, 5 U.S.C. § 552(a)(3)(A).

### COUNT 2
**Violation of the FOIA for Failure to Timely Respond to Plaintiff's Requests**

42. Paragraphs 1-41 are re-alleged and reincorporated herein by reference.

43. Plaintiff properly requested records within the possession, custody, and control of Defendants.

44. Defendant's failure to respond timely to Plaintiffs' request violates the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and DHS' own regulation promulgated thereunder, 6 C.F.R. § 5.6(c).

## VIII.   PRAYER FOR RELIEF

---

[1]     FOIA allows the Agency 20 business days to respond to POGO's request. CRCL requested and additional 10 days to respond and has failed to do so.

**WHEREFORE,** Plaintiff, POGO, prays for the following relief:

a.  As to Count 1:
   i.  Order Defendant to immediately state which records it intends to disclose in response to Plaintiff's FOIA requests;
   ii.  Order Defendant to provide a schedule of production to Plaintiff;
   iii.  Order Defendant to disclose all responsive, non-exempt records by a date certain without further delay;
   iv.  Order Defendant to disclose a log identifying any document or parts thereof that it withholds and the basis for the withholding;
   v.  Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;
   vi.  Award Plaintiff its costs and reasonable attorney's fees incurred in this action; and
   vii.  Grant such other relief as the Court may deem just and proper.

b.  As to Count 2:
   i.  Order Defendant to immediately state which records it intends to disclose in response to Plaintiff's FOIA requests;
   ii.  Order Defendant to provide a schedule of production to Plaintiff;
   iii.  Order Defendant to disclose all responsive, non-exempt records by a date certain without further delay;
   iv.  Order Defendant to disclose a log identifying any document or parts thereof that it withholds and the basis for the withholding;
   v.  Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;
   vi.  Award Plaintiff its costs and reasonable attorney's fees incurred in this action; and
   vii.  Grant such other relief as the Court may deem just and proper.

Respectfully submitted this 31st day of August, 2018.

By:  _____
Ross A. Nabatoff, DC Bar # 376665
LAW OFFICE OF ROSS A. NABATOFF
1440 G Street, N.W.
Washington, D.C.  20005
(202) 650-0037
*Attorney for Plaintiff*