UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES, <br><br> *Defendant*. | Civil Action No. 18-2051 (RCL) |

## ANSWER

Defendant U.S. Department of Homeland Security ("DHS"), Office of Civil Rights and Civil Liberties ("CRCL"), by and through undersigned counsel, hereby answers Plaintiff Project On Government Oversight's Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The information that Defendant has withheld, or will withhold, in response to the Freedom of Information Act ("FOIA") requests is, or will be, exempt from disclosure under the FOIA, 5 U.S.C. § 552.

### Third Defense

The Complaint, including Paragraphs 15 to 22, among others, violates Federal Rule of Civil Procedure ("Rule") 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

**Defendant's Responses to the Numbered Paragraphs**

Defendant denies each and every allegation contained in the Complaint not expressly admitted in this Answer.  Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

In response to the specifically enumerated paragraphs as set forth in the Complaint, Defendant admits, denies, and otherwise avers as follows:

**Introduction**

1. Paragraph 1 contains Plaintiff's characterization of this action to which no response is required.

2. Admitted. Defendant respectfully refers the Court to Plaintiff's FOIA requests for a full and accurate statement of the contents. *See* Compl. Exs. E & G.

3. Admitted. Defendant respectfully refers the Court to DHS's acknowledgment letters for a full and accurate statement of the contents. *See* Compl. Exs. F & H.

4. Paragraph 4 contains Plaintiff's preliminary statement and conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 4.

5. Paragraph 5 contains Plaintiff's characterization of this action to which no response is required.

**Jurisdiction and Venue**

6. Paragraph 6 consists of conclusions of law regarding subject matter jurisdiction and venue to which no response is required.

**Parties**

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Defendant admits that CRCL is an office within DHS and a federal agency headquartered in Washington, D.C. The remaining allegations in Paragraph 8 contain conclusions of law to which no response is required.

**Freedom of Information Act**

9.–14. Paragraphs 9 to 14 contain conclusions of law regarding the legal requirements of FOIA to which no response is required.

**Background and Public Interest in the Records Sought**

**Office for Civil Rights and Civil Liberties**

15. Paragraph 15 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required. Moreover, the allegations set forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations and respectfully refers the Court to the cited statute, 6 U.S.C. § 345, for a full and accurate statement of its contents.

16. Paragraph 16 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required. To the extent a response is required, Defendant admits that CRCL has responsibilities including the investigation of certain civil rights and civil liberties complaints brought against DHS and its personnel.

17. Paragraph 17 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response

is required.  To the extent a response is required, Defendant admits that public data related to CRCL complaints filed between 2011 and 2016, organized by component, is available at the cited web address.  CRCL denies that it maintains this website; rather, the website is maintained by the DHS Office of Public Affairs.  Further, CRCL denies the characterization of this website as a "public database," which suggests an ongoing and active data collection record, as opposed to a general summary of metrics taken from CRCL's annual reporting to Congress.

18.     Paragraph 18 contains Plaintiff's characterization of alleged background information and purports to quote from a report that DHS commissioned.  These are not allegations of fact pertinent to this FOIA action to which a response is required.  To the extent a response is required, Defendant admits that the quoted language appears in the referenced report.  Defendant respectfully refers the Court to the full report for a full and accurate statement of the contents.  *See* Homeland Security Advisory Council, Report of the Subcomittee on Privatized Immigration Detention Facilities (Dec. 1, 2016), https://www.dhs.gov/sites/default/files/publications/DHS%20HSAC%20PIDF%20Final%20Report.pdf.

### Recent Reporting Regarding the Office of Civil Rights and Civil Liberties

19.     Paragraph 19 contains Plaintiff's characterization of alleged background information and purports to quote from a *New York Times* article, dated June 23, 2018.  These are not allegations of fact pertinent to this FOIA action to which a response is required.  To the extent a response is required, Defendant admits that the article was published but lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

20.–21.     Paragraphs 20 to 21 contain Plaintiff's characterization of alleged background information and purports to quote from and summarize a letter, dated July 17, 2018, sent to U.S. Senators Grassley and Wyden regarding CRCL investigations.  These are not allegations of fact pertinent to this FOIA action to which a response is required.  To the extent a

response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant also respectfully refers the Court to the cited letter for a full and accurate statement of the contents.

22. Paragraph 22 contains Plaintiff's characterization of alleged background information and purports to quote from a *New York Times* article, dated July 18, 2018. These are not allegations of fact pertinent to this FOIA action to which a response is required. To the extent a response is required, Defendant admits that the article was published but lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### Public Interest

23. Paragraph 23 purports to summarize the two FOIA requests at issue in this action. To the extent that a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA requests for a full and accurate statement of the contents. *See* Compl. Exs. E. & G.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.–26. The allegations in Paragraphs 25 to 26 set forth Plaintiff's assertion that release of the records would significantly contribute to the public's understanding of DHS's system for addressing civil rights and civil liberties complaints. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

### Plaintiff's Freedom of Information Act Requests

### The First Request

27. Admitted. Defendant respectfully refers the Court to Plaintiff's first FOIA request, dated June 1, 2018 ("First FOIA Request"), for a full and accurate statement of the contents. *See* Compl. Ex. E.

28.     Admitted.  Defendant respectfully refers the Court to DHS's acknowledgement letter, dated June 4, 2018, for a full and accurate statement of the contents.  *See* Compl. Ex. F.

29.     Admitted.  Defendant respectfully refers the Court to DHS's acknowledgement letter, dated June 4, 2018, for a full and accurate statement of the contents.  *See* Compl. Ex. F.

30.     Admitted.  Defendant respectfully refers the Court to DHS's acknowledgement letter, dated June 4, 2018, for a full and accurate statement of the contents.  *See* Compl. Ex. F.

31.     Defendant admits that, as of the filing of the Complaint, Defendant had not made a final determination or released records in response to the First FOIA Request.

### **The Second Request**

32.     Admitted.  Defendant respectfully refers the Court to Plaintiff's second FOIA request, dated June 1, 2018 ("Second FOIA Request") for a full and accurate statement of the contents.  *See* Compl. Ex. G.

33.     Admitted.  Defendant respectfully refers the Court to DHS's acknowledgement letter, dated June 4, 2018, for a full and accurate statement of the contents.  *See* Compl. Ex. H.

34.     Admitted.  Defendant respectfully refers the Court to DHS's acknowledgement letter, dated June 4, 2018, for a full and accurate statement of the contents.  *See* Compl. Ex. H.

35.     Admitted.  Defendant respectfully refers the Court to DHS's acknowledgement letter, dated June 4, 2018, for a full and accurate statement of the contents.  *See* Compl. Ex. F.

36.     Defendant admits that, as of the filing of the Complaint, Defendant had not made a final determination or released records in response to the Second FOIA Request.

37.     Defendant admits that, as of the filing of the Complaint, Defendant had provided no further update on the status of the requests.  The first sentence in Footnote 1 to Paragraph 37 contains Plaintiff's conclusion of law to which no response is required.

38. Paragraph 38 contains Plaintiff's conclusion of law to which no response is required.

## Causes of Action

### Count I

**Violation of the FOIA for Failure to Make Promptly Available the Records Sought by Plaintiff's Requests**

39. Defendant incorporates by reference its responses to Paragraphs 1 to 38 as if fully stated herein.

40. Paragraph 40 consists of conclusions of law to which no response is required. To the extent a response is required, denied.

41. Paragraph 41 consists of conclusions of law to which no response is required. To the extent a response is required, denied.

### Count II

**Violation of the FOIA for Failure to Timely Respond to Plaintiff's Requests**

42. Defendant incorporates by reference its responses to Paragraphs 1 to 41 as if fully stated herein.

43. Paragraph 43 consists of conclusions of law to which no response is required. To the extent a response is required, denied.

44. Paragraph 44 consists of conclusions of law to which no response is required. To the extent a response is required, denied.

### Prayer for Relief

The remaining paragraphs of the Complaint consist of Plaintiff's requested relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief.

WHEREFORE, having fully answered, Defendant respectfully prays that Plaintiff's Complaint be dismissed with prejudice and judgment be entered in favor of Defendant together with such other and further relief as the Court deems appropriate.

October 15, 2018                                        Respectfully submitted,

                                                        JESSIE K. LIU
                                                        D.C. Bar 472845
                                                        United States Attorney

                                                        DANIEL F. VAN HORN
                                                        D.C. Bar 924092
                                                        Chief, Civil Division

                                    By:     /s/ Daniel P. Schaefer
                                                        DANIEL P. SCHAEFER
                                                        D.C. Bar 996871
                                                        Assistant United States Attorney
                                                        555 4th Street, N.W.
                                                        Washington, D.C. 20530
                                                        Tel: (202) 252-2531
                                                        E-mail: Daniel.Schaefer@usdoj.gov